Nash, J".
On the trial of this case in the court of common pleas, and before the argument to the jury was commenced, the defendant requested that the charge to the jury be reduced to writing. The court did write a charge, which he delivered to the jury, but immediately followed this with oral instructions upon matters material to the issues. The bill of exceptions shows that to this act of the court (charging the jury without having first reduced to writing all that was to be said), the defendants, and each of them, as soon as the same came to their knowledge, objected. In the defendants’ motion for a new trial, which was overruled, that act was assigned as one of the reasons for setting aside the verdict.
.The part of paragraph 7, section 5190, Revised Statutes, which relates to this matter is as follows:
“ Any charge shall be reduced to writing by the court, if either party, before the argument to the jury is commenced, requests it; a charge or instruction, when so written and given shall not be orally qualified, modified, or in any man *431 ner explained to the jury by the court;'and all written charges or instructions shall be taken by the jurors in their retirement and returned with their verdict into court, and shall remain on file with the papers in the case.”
The action of the court in this case, in reducing a part of his charge to writing and in delivering another part without so doing, cannot be, justified. The language of the statute is imperative, and a court, after the request has been made, has no discretion to reduce a part of the charge to writing and give the remainder orally.
The purpose of this statute was to secure a carefully considered charge from the court, free from misleading words, which are sometimes found in unwritten charges, and to have it in such form that the jury can read it, in their retirement, in case they have misapprehended, during its reading by the court.
We approve of the action of the district court in reversing the judgment of the court of common pleas, and in this conclusion we are sustained by the case of Hardy v. Turney, 9 Ohio St., 400.

Judgment affirmed.